UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Sinforosa Aguilar Cintora,<br>     Plaintiff,<br><br>v.<br><br>Dollar Tree Store #8458,<br>Dollar Tree Stores, Inc., and<br>2ML Scarsdale, LLC,<br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-21-2028 |

## Report and Recommendation on Remand

On May 18, 2021, Sinforosa Aguilar Cintora sued Dollar Tree Stores, Inc., and Dollar Tree Store #8458 in Texas state court alleging negligence and seeking damages in excess of $250,000. ECF No. 1 at 7–9. On June 11, 2021, Defendant Dollar Tree Stores, Inc., filed an answer. *Id.* at 23. Ten days later, Dollar Tree Stores, Inc., removed the case based on diversity jurisdiction. ECF No. 1 at 1–4. Dollar Tree Stores, Inc., represented that Dollar Tree Store #8458 is not a legal entity and is operated by Dollar Tree Stores, Inc. *Id.* at 3. Dollar Tree Stores, Inc., represented that Plaintiff is a resident of Harris County, Texas; that Dollar Tree Stores, Inc., was formed under the laws of the Commonwealth of Virginia; and that its principal place of business was Chesapeake, Virginia. *Id.* at 4. Dollar Tree Stores, Inc., thus satisfied its burden of demonstrating the existence of removal jurisdiction. *See* 28 U.S.C. §§ 1332, 1441; *Frye v. Anadarko Petrol. Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (stating that the party invoking federal diversity jurisdiction has the burden to establish that it exists). Plaintiff agreed that the federal court could exercise jurisdiction over the case. *See* ECF No. 12 at 2.

After removal, Dollar Tree Stores, Inc., filed an amended answer. ECF No. 6. In the Joint Discovery and Case Management Plan, Plaintiff stated its intention to add 2ML Scarsdale, LLC, as a

defendant. ECF No. 12 at 2. Several weeks later, Plaintiff filed an amended pleading adding 2ML Scarsdale, LLC, as a defendant. Plaintiff alleged that 2ML Scarsdale, LLC, "is a corporation doing business in the State of Texas" without identifying its citizenship. *See* ECF No. 16 at 2. In its answer, 2ML Scarsdale, LLC, stated that it is a "foreign corporation[.]" *See* ECF No. 26 at 1.

2ML Scarsdale, LLC, is a limited liability company not a corporation. Different rules of citizenship apply to LLCs than to corporations. "[F]or diversity jurisdictional purposes, 'the citizenship of a[n] LLC is determined by the citizenship of all of its members.'" *Soaring Wind Energy, L.L.C.* v. Catic USA Inc., 946 F.3d 742, 750 (5th Cir. 2020) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (explaining that the citizenship of an LLC is determined in the same manner as the citizenship of "limited partnerships and other unincorporated associations or entities")). Citizenship of the LLC's members that are LLCs also is determined by the citizenship of their members. Thus, an LLC may be a citizen of many different states and foreign states if it has multiple layers of LLC membership.

Although the parties agreed that 2ML Scarsdale, LLC, is a properly joined party that does not destroy diversity jurisdiction, the court, under its own obligation to ensure it has subject matter jurisdiction, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), ordered 2ML Scarsdale, LLC, to file a declaration, signed by a person with knowledge of its LLC structure and membership, identifying the citizenship of each of its members and, if those members are LLCs, the citizenship of their members and so on until the citizenship of every member of the entire LLC organizational structure had been identified.

2ML Scarsdale, LLC, has complied with the court's order. ECF No. 34. In its declaration, 2ML Scarsdale, LLC, states that "2ML Real Estate Interests, Inc., is the sole member of 2ML Scarsdale, LLC," and that "2ML Real Estate Interests is incorporated in the State of Texas." ECF No. 34 at 4. Because 2ML Scarsdale, LLC's sole member is a

corporation incorporated in Texas, which makes the sole member a citizen of Texas, 28 U.S.C. § 1332(c)(1), 2ML Scarsdale, LLC, is itself a citizen of Texas. *Soaring Wind Energy*, 946 F.3d at 750. Because Plaintiff is also a citizen of Texas, there is not complete diversity of citizenship. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)(confirming that complete diversity requires all parties on one side of the controversy be citizens of different states than all parties on the other side).

Dollar Tree Stores, Inc., did not object to the addition of 2ML Scarsdale, LLC. 2ML Scarsdale, LLC, has answered, ECF No. 26, and has participated in hearings, ECF No. 28. There is no indication that 2ML Scarsdale, LLC, is not properly joined. Accordingly, because the court lacks diversity jurisdiction, this case must be remanded to state court. 28 U.S.C. § 1447(e) (directing remand if the court allows joinder of a party that destroys jurisdiction).

The court recommends that this case be remanded to state court.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on May 26, 2022.

_____
Peter Bray
United States Magistrate Judge